Joseph A. Dunne (JD 0674)
Gerard F. Dunne (GD 3323)
Law Office of Gerard F. Dunne, P.C.
41 Union Square West
Suite 1125
New York, N.Y. 10003
212-645-2410
joe.dunne@dunnelaw.net
jerry.dunne@dunnelaw.net
*Attorneys for Plaintiff, Well Made Mf'g Corporation*

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
WELL-MADE TOY MF'G. CORPORATION    :
a corporation of the State of New York    :
                                                                       :
                                   Plaintiff,    :    Civil Action No.:
                                                                       :
              v.                                                 :
                                                                       :
BEST TOY MF'G., LTD.                              :
a corporation of the State of New York    :
                                                                       :
                                   Defendant    :
------------------------------------------------------------X

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff for its Complaint against the Defendants respectfully alleges as follows:

### THE PARTIES

1.   The plaintiff, Well Made Toys Mf'g Corporation (hereinafter "Well Made"), is a corporation of the State of New York having its principal place of business at 52-07 Flushing Avenue, 2nd Floor, Maspeth, NY 11378.

2.   Upon information and belief, the defendant Best Toy Mf'g., LTD (hereinafter, "Best Toy") is a of the State of New York having its principal place of business at 43 Hall St., Brooklyn, NY.

3.     Plaintiff Well Made is informed and believes and on that basis alleges, that Defendant Best Toy has transacted business in the State of New York by offering for sale and selling within this Judicial District by direct sales products infringing the rights of Well Made asserted herein.

## JURISDICTION AND VENUE

4.     The claims herein arise under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.*, and jurisdiction is conferred by virtue of 28 U.S.C. §§ 1331(a) and 1338(a). The claims herein also arise under the international copyright laws including the Universal Copyright Convention and The Berne Convention, and the copyright laws of Canada, including the Canadian Copyright Act (R.S.C. 5.)

5.     Venue is founded upon 28 U.S.C. § 1391(b) and (c).

## COUNT I: VIOLATION OF FEDERAL AND INTERNATIONAL COPYRIGHT LAW

6.     Well Made hereby charges Best Toy with copyright infringement in violation of The Copyright Act of 1976, the applicable international conventions including the Universal Copyright Convention and The Berne Convention, and the laws of Canada, including the Canadian Copyright Act (R.S.C., c. C-42).

7.     Well Made is involved in the design and marketing of toys, including sculptural dolls. The designs created by or for Well Made are copyrighted under the laws of the United States, Canada, and under international law including the various copyright conventions and treaties the United States is a party to, as the Universal Copyright Convention and The Berne Convention.

8.     The copyrighted designs of Well Made include the *"Blueberry Buddy"* and *"Randy Candy"* plush dolls, designed and created by Well Made. The *"Blueberry Buddy"* and *"Randy Candy"* designs are registered in the United States Copyright Office

for facial artwork and the soft body sculpture, United States Copyright Registration No. VAu1-048-248 and VAu1-048-246, respectively.

9. Attached hereto as Exhibit A is a true and correct copy of the Copyright Registration Certificate No. VAu1-048-248, and the accompanying *Blueberry Buddy* image filed with the United States Copyright Office for the *Blueberry Buddy* doll created by Well Made.

10. Attached hereto as Exhibit B is a true and correct copy of the Copyright Registration Certificate No. VAu1-048-246, and the accompanying *Randy Candy* image filed with the United States Copyright Office for the *Randy Candy* doll created by Well Made.

11. The copyrights for the *Blueberry Buddy* and *Randy Candy* dolls created by Well Made are in full force and effect; and Well Made has complied with all requirements in submitting the application for its copyright registration for *Blueberry Buddy* and *Randy Candy* dolls. Well Made has complied with all requirements for the protection its copyrighted designs in the United States and internationally.

12. The plaintiff Well Made is informed and believes, and therefore avers, that subsequent to the introduction, by Well Made into the market of the United States, of its *Blueberry Buddy* and *Randy Candy* dolls, the Defendant Best Toy has infringed upon the copyright of Well Made in its *Blueberry Buddy* and *Randy Candy* dolls by producing, or causing to be produced, importing into the United States as well as marketing therein sculpted dolls that have been copied directly from and are substantially similar in appearance to the copyrighted design of the *Blueberry Buddy* and *Randy Candy* dolls of Well Made.

13. The defendant, Best Toy, marketed within this judicial district at least two style of plush toys having substantially similar sculptural artwork as the dolls illustrated in

Exhibits A and B, and are believed to have distributed such products to a variety of amusement parks, carnivals, and the like.

14. Attached hereto as Exhibit C is a true and correct copy of a color image of two designs of plush dolls marketed by Best Toy, which are substantially identical to the *Blueberry Buddy* and *Randy Candy* dolls of Well Made (hereinafter "the infringing dolls").

15. The infringing dolls shown in Exhibit C were displayed and offered as prizes at a variety of amusement parks, carnivals, and the like in this Judicial District and in other Judicial Districts around the country.

16. The infringing dolls marketed by the defendants, upon information and belief, have been copied directly from and are substantially similar to the copyrighted *Blueberry Buddy* and *Randy Candy* dolls marketed by plaintiff Well Made; and more particularly, the distinctive artwork of the sculptural features of the infringing dolls marketed by the defendants is essentially identical to the copyrighted *Blueberry Buddy* and *Randy Candy* dolls of Well Made.

17. As a result of such actions, as outlined in paragraphs 12-16 above, defendant Best Toy has directly infringed Well Made's copyrights.

18. As a result of such actions, as outlined in paragraphs 12-16 above, defendant Best Toy has also induced the infringement of others of Well Made's copyright, including a variety of amusement parks, carnivals, and the like within this judicial district, who purchased the infringing dolls, and Best Toy, upon information and belief, knew such retailers would be offering the infringing dolls for sale in this judicial district.

19. The plaintiff Well Made is informed and believes and, therefore avers that the aforesaid infringement and inducement thereof by the defendant of the copyrighted subject matter of Well Made was, and continues to be, with the knowledge that the sculpted designs of Well Made's products are copyrighted and that the defendants, in doing or

authorizing such acts, have infringed the rights of Well Made under the copyright laws of the United States, Title 17 U.S.C. § 101 *et seq.*

20. The acts noted above of the defendant are unauthorized by Well Made or any of its agents, and such unlawful acts have enabled the defendant to trade unlawfully upon the creative efforts of the plaintiff Well Made. The defendants have, consequently, unjustly enriched themselves at the expense and to the damage and injury to the plaintiff Well Made.

21. Upon information and belief, unless enjoined by this court, the defendants will further impair if not destroy the value of the copyrights that are owned by the plaintiff Well Made, and the goodwill associated therewith.

22. Upon information and belief, Well Made avers that as a result of the foregoing, Well Made risks substantial loss of revenues and has sustain irreparable damage as the result of the willful and wrongful conduct of the defendants.

## **COUNT II: INDUCEMENT TO INFRINGE COPYRIGHT**

23. As a second and complete ground for relief, plaintiff Well Made hereby charges the defendant Best Toy with inducement of others to infringe valid international copyrights of plaintiff Well Made and hereby realleges the allegation of paragraphs 1 through 22 as though fully set forth herein.

24. By the activities noted above, the defendant Best Toy has induced others to infringe the international copyrights of plaintiff Well Made set forth herein by inducing others to display and/or market products having unauthorized copies of the Well Made designs and, upon information and belief, such inducement was done willfully, knowingly, and maliciously.

25. As a result of the inducement by the defendant Best Toy of others including a variety of amusement parks, carnivals, and the like offering the infringing dolls as prizes

and/or selling the infringing dolls, which bear the artwork infringing the copyrights of plaintiff Well Made as set forth herein, such others including a variety of amusement parks, carnivals, and the like have profited wrongfully and to the injury of plaintiff Well Made.

WHEREFORE, Plaintiff prays:

A. That the defendant, Best Toy, and its agents, servants, employees and attorneys as well as those persons in active concert or participation therewith be permanently enjoined and restrained from manufacturing, having manufactured, importing, offering for sale, selling, advertising or promoting or distributing in the United States any products incorporating the copyrighted subject matter or distinctive elements of the sculpted dolls of Well Made; and

B. further, that the defendants Best Toy, be ordered:

(i) to deliver up for destruction all of the merchandise in their possession or control which incorporates any of the copyrighted designs of products marketed by Well Made, as well as all means for producing, advertising or promoting such infringing merchandise;

(ii) to make diligent efforts to recall all of the materials set forth in paragraph (B)(i) already distributed; and

(iii) to file with this court and serve on plaintiff ten (10) days after the date of the injunction a report in writing and under oath setting forth in detail the matter or form in which the Defendant Best Toy has complied fully with the injunction;

C. that an accounting and judgment be rendered jointly and severally against the defendants Best Toy for:

6

     (i) all profits received by the defendant from the sale of products infringing the copyrights asserted in this matter as provided by 17 U.S.C. § 504(b) and applicable international law;

     (ii) all damages sustained by Well Made as a result of the copyright infringement of the defendant including compensation to Well Made fully for all sales of products of Well Made that have been diverted or reduced as a result of the infringement by the defendants as provided by 17 U.S.C. § 504(b) and international law;

     (iii) in the event Well Made so elects, statutory damages in the amount of $150,000 as authorized by 17 U.S.C. § 504(c)(2) against the defendants for each copyright infringed and for each style of product infringing such copyright;

    D. against defendants Best Toy fro its inducement, an accounting and judgment be rendered for:

     (i) all profits received by the customers of defendants for the induced infringement from the resale of products or games revenue generated by the infringing of the copyrights asserted in this matter as provided by 17 U.S.C. § 504(b)and international law;

     (ii) all profits received by the manufacturer of defendants for the induced infringement from the manufacture of products infringing the copyrights asserted in this matter as provided by 17 U.S.C. § 504(b)and international law;

     (iii) in the event Well Made so elects, statutory damages in the amount of $150,000 as authorized by 17 U.S.C. § 504(c)(2) against defendant for the infringement induced for each of its customers;

    E. that Well Made have and receive its costs in this action, including an award of its reasonable attorney's fees with interest from the date of the filing of this complaint pursuant to 17 U.S.C. § 505;

        F.       that Well Made receive interest on its damages awards from the date of injury;

        G.       punitive damages for the willful and wonton infringement of defendant; and

        H.       that the plaintiff be granted such other and further relief as the court deems just and appropriate.

Dated:    New York, New York       Respectfully submitted,
           October 24, 2014

                                                      /s/ Joseph A. Dunne
                                                      Joseph A. Dunne (JD 0674)
                                                       Gerard F. Dunne (GD 3323)
                                                      Law Office of Gerard F. Dunne, P.C.
                                                      41 Union Square West
                                                      Suite 1125
                                                      New York, N.Y. 10003
                                                      212-645-2410
                                                      joe.dunne@dunnelaw.net
                                                      jerry,dunne@dunnelaw.net
                                                      *Attorneys for Plaintiff, Well Made Mf'g Corporation*

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

**VAu 1-048-248**

Effective date of registration:

June 2, 2010

---

## Title

**Title of Work:** "BLUEBERRY BUDDY" PETCAKES tm
**Previous or Alternative Title:** FACIAL ARTWORK AND SOFT BODY SCULPTURE

## Completion/Publication

**Year of Completion:** 2009

## Author

- **Author:** WELL MADE TOY MFG CORP.
  **Author Created:** 3-dimensional sculpture
  **Work made for hire:** Yes

## Copyright claimant

**Copyright Claimant:** WELL MADE TOY MFG CORP.
52-07 FLUSHING AVE. SECOND FLOOR, MASPETH, NY, 11378

## Rights and Permissions

**Organization Name:** WELL MADE TOY MFG CORP.
**Name:** Susan Cook
**Email:** susancook@wellmadetoy.com    **Telephone:** 718-381-4225
**Address:** 52-07 FLUSHING AVE. SECOND FLOOR
MASPETH, NY 11378

## Certification

**Name:** SUSAN COOK

**Correspondence:** Yes

Page 1 of 1



# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

VAu 1-048-246

Effective date of registration:

June 2, 2010

## Title
- **Title of Work:** "RANDY CANDY" PETCAKES FACIAL ARTWORK AND SOFT BODY SCULPTURE

## Completion/Publication
- **Year of Completion:** 2009

## Author
- **Author:** WELL MADE TOY MFG CORP.
- **Author Created:** 3-dimensional sculpture
- **Work made for hire:** Yes

## Copyright claimant
- **Copyright Claimant:** WELL MADE TOY MFG CORP.
  52-07 FLUSHING AVE. SECOND FLOOR, MASPETH, NEW YORK, 11378

## Rights and Permissions
- **Organization Name:** WELL MADE TOY MFG CORP.
- **Name:** Susan Cook
- **Email:** susancook@wellmadetoy.com    **Telephone:** 718-381-4225
- **Address:** 52-07 FLUSHING AVE. SECOND FLOOR
  MASPETH, NY 11378

## Certification
- **Name:** SUSAN COOK

---

- **Correspondence:** Yes



# EXHIBIT C







All Rights Reserved
BEST TOY MFG.LTD.
43 HALL ST. BROOKLYN, NY
SHELL MADE IN CHINA